UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

    Plaintiff,                                                  Hon. Janet T. Neff

v.                                                          Case No. 1:14 CV 1099

ANDREW HICKOK, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment, (ECF No. 32), and Plaintiff's Motion for Summary Judgment, (ECF No. 44). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**, Plaintiff's motion be **denied**, and this action **terminated**.

## BACKGROUND

Plaintiff initiated the present action on October 24, 2014, against three prison officials: (1) Andrew Hickok; (2) Mark Brand; and (3) Matthew Bennickson. (Dkt. #1). Plaintiff alleges that Defendants confiscated his mattress and forced him to sleep on a "steel bed." Plaintiff further alleges that this experience exacerbated his multiple sclerosis and caused him to experience "unnecessary pain and suffering, including pain in his hips, back, and thighs; anxiety, depression, humiliation and discomfort, and; sleep deprivation." Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also asserts several state law causes of action. Defendants now move for summary judgment. Plaintiff likewise moves for summary judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d

at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Eighth Amendment Claim**

Plaintiff alleges that depriving him of a mattress caused him to experience "unnecessary pain and suffering" and "constituted deliberate indifference for [his] health and safety" in violation of his Eighth Amendment rights.  The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The analysis by which Defendants' conduct is evaluated consists of two-steps.  First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious.  In this respect, Plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.  With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).  Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Hadix*, 367 F.3d at 525 (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)).

If the objective test is met, the Court must then determine whether Defendants acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, was the individual deliberately indifferent to inmate health or safety. *Id.* The Eighth Amendment, however, is not implicated where prison officials simply acted with negligence. *See Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). In sum, to establish that Defendants acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 829, 847).

Plaintiff has submitted an affidavit in which he asserts the following. On October 4, 2013, Plaintiff was moved to a segregation cell. (PageID.360). Defendant Hickok provided Plaintiff with a "Cell Inventory Check List" and instructed Plaintiff to "make note of any cell furnishings that were destroyed or in need of repair." (PageID.360). Plaintiff observed that his mattress "had a hole in it and that strings and plastic was coming off of the mattress." (PageID.361). Plaintiff requested a new mattress, but was instead instructed by Hickok "to just mark 'D' for destroyed on the cell inventory sheet." (PageID.361). Plaintiff did as instructed and then signed the form. (PageID.361). Plaintiff has submitted a copy of the Cell Inventory Check List which indicates that his mattress was designated as "destroyed." (PageID.383).

Defendants do not dispute these particular assertions, but have submitted additional evidence on this subject which is unrefuted by Plaintiff. Specifically, Defendant Hickok has submitted an affidavit in which he asserts the following. The notation on a Cell Inventory Check List that a mattress was "damaged" or "destroyed" "does not mean that the mattress was not useable or that the

prisoner was entitled to a new mattress." (PageID.156). Instead, Hickok would examine any such mattress and use his "best judgment" to determine "whether the mattress was still useable or should be repaired or replaced." (PageID.156). Hickok photographed Plaintiff's mattress "to document previously existing damage" so that if Plaintiff caused "new damage" to the mattress he "could be held accountable." (PageID.157-58).

Plaintiff asserts that on October 28, 2013, Defendant Hickok informed him that he would be placed on "mattress restriction." (PageID.361). Defendant Hickok asserts that he "observed mattress material in [Plaintiff's] cell" after which he "confirmed that the damage to [Plaintiff's] mattress was new." (PageID.158). Plaintiff acknowledged in his deposition that there was mattress material on the floor of his cell. (PageID.143). Hickok asserts that prisoners use "mattress material as fish line" to create "crude retrieval devices" which "work well at transporting contraband of all types between cells." (PageID.157). Plaintiff acknowledged in his deposition that he used this material to "retrieve things from other prisoners." (PageID.143).

Hickok charged Plaintiff with destruction of property and placed Plaintiff on mattress restriction. (PageID.158). Plaintiff was provided a padded blanket on which to sleep. (PageID.157, 362-63). Plaintiff asserts that he then informed Hickok that because he suffered from Multiple Sclerosis he "could not sleep on the steel bed frame." (PageID.361). Plaintiff asserts that he then appealed the matter to Defendant Bennickson. (PageID.362). Bennickson informed Plaintiff that "the pile of strings that was found in his cell was consistent with the new damage on his mattress." (PageID.182). When Plaintiff informed Bennickson that he suffered from Multiple Sclerosis, Bennickson stated that he would contact Health Care about the matter. (PageID.362).

Bennickson asserts that he "contacted healthcare and was informed that a mattress restriction would not affect any of his medical conditions." (PageID.182). This assertion is confirmed by Plaintiff's medical records. Treatment notes dated October 28, 2013, indicate that Bennickson contacted healthcare who informed him that Plaintiff "can go for a short time without his mattress." (PageID.252). Treatment notes dated October 29, 2013, confirmed that Plaintiff had not been prescribed a mandatory mattress detail. (PageID.249). On October 30, 2013, Plaintiff was examined by a nurse. (PageID.243). Plaintiff again questioned his placement on mattress restriction. (PageID.243). Plaintiff was again informed that "[y]ou do not have any specification to keep you from getting restricted." (PageID.243). The nurse further stated to Plaintiff, "[m]ost mattress restrictions are 3-4 days, my suggestion would be to refrain from behavior to have it taken away." (PageID.243). Plaintiff concedes that he was taken off mattress restriction after only four days. (PageID.363).

This evidence makes clear that Defendants are entitled to summary judgment. Placing Plaintiff on mattress restriction neither posed a substantial risk of serious harm to Plaintiff nor deprived him of the "minimal civilized measure of life's necessities." *See, e.g., Grissom v. Davis*, 55 Fed. Appx. 756, 757-58 (6th Cir., Feb. 12, 2003) (depriving inmate of a mattress for seven days does not implicate the Eighth Amendment). Moreover, even if Plaintiff could establish that placing him on mattress restriction created a significant risk of serious harm to his health, Defendants are still entitled to summary judgment because Plaintiff simply cannot establish that Defendants were deliberately indifferent to his health or safety. To the contrary, Plaintiff's healthcare providers approved, from a medical standpoint, of the decision to place Plaintiff on mattress restriction.

**II.        State Law Claims**

Plaintiff also asserts several state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claims and instead dismiss such without prejudice so that Plaintiff may pursue such in the appropriate state forum.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 32), be **granted**; Plaintiff's Motion for Summary Judgment, (ECF No. 44), be **denied**; and this action **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                    Respectfully submitted,

Date:  June 23, 2016                            /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          United States Magistrate Judge