UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

    Plaintiff,

v

ANDREW HICKOK et al.,

    Defendants.
_____/

Case No. 1:14-cv-1099

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was subjected to cruel and unusual punishment, contrary to the Eighth Amendment, while detained in the Macomb Correctional Facility. Defendants filed a Motion for Summary Judgment, arguing that Plaintiff's claims should be dismissed for failing to demonstrate necessary elements (Dkt 32). Plaintiff responded with his own Motion for Summary Judgment (Dkt 44). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) (Dkt 54), recommending that this Court grant Defendants' motion and deny Plaintiff's motion. The matter is presently before the Court on Plaintiff's objections (Dkt 56) to the Report and Recommendation and on Plaintiff's appeal (Dkt 60) of the Magistrate Judge's Order (Dkt 59) denying Plaintiff's motion to amend his complaint (Dkt 52). In accordance with 28 U.S.C. § 636(b)(1)(B) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made. Also, in accordance with 28 U.S.C. § 636(b)(1)(A), the Court has reviewed for clear error or contrary law the Magistrate Judge's Order denying Plaintiff's Motion

for Leave to File His First Amended Complaint. The Court denies the objections, denies the appeal, and issues this Opinion and Order.

### I. Plaintiff's Objections to the Report and Recommendation

Plaintiff first argues that the Magistrate Judge erred in applying the summary judgment standard under Federal Rule of Civil Procedure 56(a) (Objs., Dkt 56 at PageID.455). Plaintiff asserts that the "R&R . . . relies solely on Defendants [sic] and potential Defendants [sic] credility [sic]; and subjective denials and beliefs" (*id.*). Plaintiff asserts the Magistrate Judge relied solely upon credibility determinations in analyzing the summary judgment motions.

This objection is without merit. The Magistrate Judge did not solely rely on credibility determinations in making the Report and Recommendation. In fact, the Magistrate Judge relies on prior case law and documentary medical records in concluding that summary judgment should be granted for Defendants (R&R, Dkt 54 at PageID.449). Nowhere in the Report and Recommendation does the Magistrate Judge exhibit reliance on a "hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Holdings Corp.*, 379 F.3d 348, 354 (6th Cir. 2004). Plaintiff's medical records are not "subjective beliefs" (Objs., Dkt 56 at PageID.455), to be believed or disbelieved by a jury. The Magistrate Judge went beyond merely analyzing credibility determinations and properly concluded that there was no violation of the Eighth Amendment in this case because there was no issue to proceed to a jury on either the objective or subjective prong of a cruel-and-unusual-punishment analysis.

Next, Plaintiff objects to the Magistrate Judge's failure to apply or analyze *Hope v. Pelzer*, 122 S. Ct. 2508 (2002) (Objs., Dkt 56 at PageID.455). Plaintiff cites and discusses this case in his

Brief in Support of Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment (Dkt 45 at PageID.4, 17-18).

In *Hope*, 122 S. Ct. at 2512, a prisoner in an Alabama state court was tied to a "hitching post" in the heat of summer for seven hours. The Court ruled that such a punitive practice was in violation of the Eighth Amendment because the risk of harm was obvious. *Id.* at 2514. The Magistrate Judge did not err in omitting this case from the Report and Recommendation. Simply, the facts in *Hope* were far more extreme than the facts in this case. *Hope* stands for the proposition that a practice must pose an inherent risk of harm (such as tying someone to a hitching post for seven hours in the heat of summer in Alabama) to violate the Eighth Amendment. The Magistrate Judge discussed the subjective prong of the Eighth Amendment analysis, concluding that "even if Plaintiff could establish that placing him on mattress restriction created a significant risk of serious harm to his health . . . , Plaintiff simply cannot establish that Defendants were deliberately indifferent to his health or safety" (R&R, Dkt 54 at PageID.449).

Plaintiff also makes several objections challenging the Magistrate Judge's analysis of the evidence in support of Plaintiff's Eighth Amendment claim (Objs., Dkt 56 at PageID.454-457). Plaintiff argues that the Magistrate Judge erroneously "ignored evidence" regarding both the objective and subjective components of the Eighth Amendment analysis (*id.* at PageID.454-455). Plaintiff's argument does not reveal a factual or legal error in the Magistrate Judge's analysis. In fact, the Magistrate Judge discussed both instances to which Plaintiff refers: (1) that Plaintiff suffered pain from Multiple Sclerosis and lack of sleep (R&R, Dkt 54 at PageID.448-449), and (2) that Plaintiff believed Defendants acted with deliberate indifference in taking his mattress (*id.* at

PageID.449).  The Magistrate Judge correctly considered all relevant evidence in regards to the subjective and objective prongs of the Eighth Amendment analysis.

Similarly, Plaintiff argues that the "R&R fails to acknowledge Plaintiff's uncontested allegations and evidence that Defendants falsified documents and falsely accused Plaintiff of possession of contraband" (Objs., Dkt 56 at PageID.456).  This objection is also without merit.  Plaintiff identifies no evidence to substantiate his claim that Defendants falsified any documents.  In fact, Plaintiff admits that there is an "absence of evidence" on the matter and that the Court should use this as a credibility determination in his favor (Dkt 45 at PageID.351).  It was not error for the Magistrate Judge to omit a discussion of any falsified documents.

Next, Plaintiff argues that the Magistrate Judge failed to address the fact that Defendants had no "penological" or "security" justification for taking away his mattress (Objs., Dkt 56 at PageID.456-457).  This argument fails both legally and factually.  The Magistrate Judge details why the mattress was taken from Plaintiff's cell (Dkt 54 at PageID.448).[1]  The Magistrate Judge also correctly analyzed why this taking did not constitute a violation of the Eighth Amendment (*id.*).  Under the Magistrate Judge's analysis, even if a valid security reason did not exist to take the mattress, an Eighth Amendment violation still would not have occurred because there was no significant risk of harm in taking it (*id.* at PageID.449).

Last, Plaintiff argues that the Magistrate Judge "misconstrues Plaintiff's statements to deceive the Court for Defendant's benefit" and "erroneously concludes" that Plaintiff acknowledged the material from the mattress was being used for communicating with, or receiving contraband

---

[1]The mattress was taken from Plaintiff's cell because Defendants observed that there was "new" damage to the mattress, specifically that there was material taken out of the mattress and placed onto the floor (R&R, Dkt 54 at PageID.448).

from, other inmates (Objs., Dkt 56 at PageID.457). Plaintiff misreads the Report and Recommendation. The Magistrate Judge did not specify at what point in time Plaintiff used the mattress material to "retrieve things from other prisoners" (Dkt 54 at PageID.448). It is without merit for Plaintiff to conclude that the Magistrate Judge's wording is misleading; it is not.

## II. Plaintiff's Appeal of the Magistrate Judge's Order

The Court next turns to Plaintiff's appeal (Dkt 60) of the Magistrate Judge's Order (Dkt 59) denying his motion to amend his complaint to add more defendants (Dkt 52).[2] When considering whether to grant leave to amend a complaint, a court considers "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, . . . and futility . . . ." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)); *see Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001). The Magistrate Judge denied Plaintiff's motion for three reasons: (1) untimeliness, (2) bad faith and (3) futility (Order, Dkt 59 at PageID.465). Plaintiff argues that the delay in filing the motion was Defendants' fault (Dkt 60). He does not address futility. The Court adopts the Magistrate Judge's determination that the delay in filing the motion constitutes bad faith (Order, Dkt 59 at PageID.465). And because Plaintiff's claims would be based on the same fact pattern as the other defendants, the outcome would be the same. It is futile to grant a motion to amend a complaint that will subsequently be dismissed on a summary judgment motion.

In sum, the Magistrate Judge properly recommended granting Defendants' Motion for Summary Judgment and properly denied Plaintiff's motion to amend his complaint.

---

[2] Plaintiff addresses this appeal in both his objections to the Report and Recommendation and in a separately filed pleading.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 56) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 54) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 32) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt 44) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Appeal to District Judge (Dkt 60) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.

Dated: September 12, 2016          /s/ Janet T. Neff
                                                                       JANET T. NEFF
                                                                       United States District Judge